# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-cr-00092 |
| Plaintiff, | |
| vs. | District Judge Thomas M. Rose |
| | Magistrate Judge Caroline H. Gentry |
| CHRISTIAN DAVID SEARCH, | |
| Defendant. | |

## DECISION & ORDER DENYING PLAINTIFF'S
## MOTION FOR PRETRIAL DETENTION (DOC. 28)

This case came before the Court on Plaintiff's Motion for Pretrial Detention (Doc. 28), in which the Government seeks an order detaining Defendant Christian Search ("Defendant") without bond pending trial under the Bail Reform Act of 1984, 18 U.S.C. § 3142. The Court held a detention hearing after reviewing the Pretrial Services report. Having considered the report and the statements of the Pretrial Services Officer, as well as the arguments of counsel, the Court finds that conditions of release are available **at this time** that will reasonably assure both the Defendant's appearance as required by the Court and the safety of other persons and the community. Therefore, the Motion is DENIED without prejudice to renewal.

I.      **LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail

1

Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the Government charges the defendant by filing a complaint, however, then the Court must "find[] that there is probable cause to believe that the person committed" the offenses that give rise to a rebuttable presumption. 18 U.S.C. § 3142(e)(3). Significantly, the Court makes this finding based upon the record

also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and

---

before it at the detention hearing. Therefore, the Court neither defers to the probable-cause finding that supported issuing the complaint, nor preempts the probable-cause determination at the upcoming preliminary hearing.

characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Finally, if the Court orders the release of a defendant pending trial, the Bail Reform Act requires it to impose the "least restrictive" condition, or combination of conditions, necessary to reasonably assure the defendant's appearance and the safety of other persons and the community. 18 U.S.C. § 3142(c)(1)(B). Notably, the fact that the defendant's release will create *some* risk of nonappearance or danger to the community is not, in and of itself, a sufficient basis for detaining him prior to trial. Instead, the Court is only authorized to detain a defendant if it finds that there are no conditions available that would reasonably assure both his appearance and the safety of the community.

## II. FINDINGS

Based upon its review of the Pretrial Services Report and the Indictment, the Court makes the following findings of fact.

The grand jury indicted Defendant and his co-defendants on three counts. Count One charges Defendant and his co-defendants with conspiring to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. Counts Two and Three charge Defendant and his co-defendants with aiding and abetting each

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

other to knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) and 18 U.S.C. § 2.

The Government requested a detention hearing under 18 U.S.C. § 3142(f)(1)(c) because the case concerns a drug offense with a maximum term of imprisonment of ten years or more, and because of a serious risk that the Defendant will flee. (Doc. No. 28.)

Prior to the hearing, Pretrial Services recommended that Defendant be detained. During the hearing, however, the Pretrial Services Officer recommended that Defendant instead be released to a 90-day inpatient treatment program. Counsel for the Government agreed with this recommendation. The Court suggested, and both counsel and the Pretrial Services Officer concurred, that an additional hearing should be held before Defendant is released from the inpatient treatment program to determine whether he should be detained or released and, if the latter, under what conditions of release.

Accordingly, **at this juncture**, the Court finds that the Government has not met its burden of proving by a preponderance of the evidence that the conditions recommended by Pretrial Services (i.e., a 90-day inpatient treatment program) will not reasonably assure Defendant's appearance at required court appearances. The Court further finds that the availability of a 90-day inpatient treatment program rebuts the presumption of detention **during this 90-day period**. In addition, the Court finds that the Government has not met its burden of proving by clear and convincing evidence that if Defendant is released to a treatment program, he will pose a danger to the community.

These findings are preliminary in nature and are based solely upon the availability of an inpatient treatment program. The Court shall revisit these issues during a hearing that will be held shortly before the conclusion of the treatment program. At that time, the Government may renew its Motion for Pretrial Detention.

### III. CONCLUSION

Accordingly, the Government's Motion for Pretrial Detention (Doc. No. 28) is **DENIED** without prejudice to renewal. **The Court reminds Defendant that he will face significant penalties if he violates any conditions of his pretrial release.**

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

6